# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-621V
(E-Filed: March 24, 2014)

```
* * * * * * * * * * * * *
LATASHA GEORGE               *
                             *
        Petitioner,          *     Flu Vaccine; SIRVA injury;
                             *     Decision; Proffer
 v.                          *
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
        Respondent.          *
* * * * * * * * * * * * *
```

<u>Damon Louis Beard</u>, Lake Charles, LA, for Petitioner

<u>Gordon Elliott Shemin</u>, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On August 29, 2013, petitioner, Latasha George, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"),[2] alleging that she suffered injuries as a result of receiving certain

---

[1]  Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2]  The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002)

vaccinations.

Respondent has conceded that petitioner is entitled to compensation based on a SIRVA injury, which she sustained as a result of the flu vaccine administered on September 9, 2010.  Resp't's Rule 4 Report at 6, filed on November 25, 2013.

Based on the persuasive factors supporting petitioner's vaccine claim and respondent's election not to challenge petitioner's claim, the undersigned finds that petitioner is entitled to compensation under the Vaccine Program.  Accordingly, a determination of damages is appropriate.

On March 21, 2013, respondent filed a Proffer on Award of Compensation (Proffer). The Proffer indicates that petitioner agrees with the amounts specified therein. Based on the record as a whole, the undersigned finds that petitioners are entitled to an award as stated in the Proffer.  Pursuant to the terms stated in the attached Proffer, the court awards petitioner:

1.  A lump sum payment of $1,036,839.63, representing compensation for lost future earnings ($593,700.00), past lost earning ($124,582.91), pain and suffering ($167,412.72), past un-reimbursable expenses ($86,845.00), and future medical expenses ($64,299.00), in the form of a check payable to Petitioner.

Proffer at 2-3.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

(Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                        )
LATASHA GEORGE,                         )
                                        )
            Petitioner,                 )        No. 13-621V
                                        )        Special Master Hamilton-Fieldman
      v.                                )        ECF
                                        )
SECRETARY OF HEALTH AND                 )
HUMAN SERVICES,                         )
                                        )
            Respondent.                 )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.    Items of Compensation

For the purposes of this Proffer, the term "vaccine-related" is described in Respondent's Rule

4(c) Report filed on November 25, 2013, conceding entitlement in this case.

####       A.    Lost Future Earnings

The parties agree that based upon the evidence of record, Latasha George

("petitioner") is entitled to future lost earnings as provided under the Vaccine Act, 42 U.S.C. §

300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for petitioner's future lost

earnings is $593,700.00.  Petitioner agrees.

####       B.    Past Lost Earnings

The parties agree that based upon the evidence of record, petitioner is entitled to past lost

earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent

proffers that the appropriate award for petitioner's future lost earnings is $124,582.91.  Petitioner

agrees.

C.    Pain and Suffering

Respondent proffers that petitioner should be awarded $167,412.72 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.    Past Unreimbursable Expenses

Evidence supplied by petitioner demonstrates the expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $86,845.00.  Petitioner agrees.

E.    Future Medical Expenses

Respondent proffers that petitioner should be awarded future medical expenses in the amount of $64,299.00.  Petitioner agrees.

## II.    **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

A lump sum payment of $1,036,839.63, (representing compensation for lost future earnings ($593,700.00), past lost earnings ($124,582.91), pain and suffering ($167,412.72), past unreimbursable expenses ($86,845.00), and future medical expenses ($64,299.00)), in the form of a check payable to petitioner.

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

**III.**     **Summary of Recommended Payments Following Judgment**

      A.     Lump sum paid to petitioner:                     **$1,036,839.63**

          Respectfully submitted,

          STUART F. DELERY
          Deputy Assistant Attorney General

          RUPA BHATTACHARYYA
          Director
          Torts Branch, Civil Division

          VINCENT J. MATANOSKI
          Deputy Director
          Torts Branch, Civil Division

          ALTHEA W. DAVIS
          Senior Trial Counsel
          Torts Branch, Civil Division

          */s/ Gordon Shemin*
          GORDON SHEMIN
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C.  20044-0146
          Telephone: (202) 616-4208
Dated: March 21, 2014          Fax: (202) 353-2988